UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

UNITED STATES OF AMERICA,

      Plaintiff-Respondent,

Case No. G:84-CR-17-02

v.

Hon. Richard Alan Enslen

ROBERT D. FISCHL,

      Defendant-Petitioner.

**OPINION**

_____/

This matter is before the Court on Defendant/Petitioner Robert D. Fischl's Petition to Grant a Writ of Error *Coram Nobis*. The Court now reviews Defendant's Petition, the Government's Response, Defendant's Reply and pertinent portions of the record. Defendant's first Petition to Grant a Writ of Error *Coram Nobis* was denied by this Court on August 1, 2001. Since the Court remains unpersuaded that Defendant's Petition should be granted, portions of this Opinion mirror this Court's original denial found in *United States v. Fischl*, No. 1:84-CR-17-02, 2001 U.S. Dist. LEXIS 11993 (W.D. Mich. Aug. 1, 2001).

**I. PROCEDURAL HISTORY**

This Petition comes to the Court with a somewhat complicated procedural history.

In January 1984, Defendant and Co-Defendant Charles Kerkman were indicted in a twelve-count indictment. After indictment and before trial, Defendant filed a Motion for Severance, which this Court denied. Defendant renewed this Motion at trial, and the Court again denied it.

At trial, Defendant rested his case without presenting any evidence.  The jury found

Defendant guilty on Counts V and VI (mail fraud in violation of 18 U.S.C. § 1341); Count VIII

(transportation in interstate commerce of checks fraudulently procured in violation of 18 U.S.C. §

2314); Count IX (conspiracy to commit mail fraud and wire fraud in violation of 18 U.S.C. §371);

Count XI (submitting a false tax return in violation of 26 U.S.C. § 7208); and Count XII (conspiracy

to impede the Internal Revenue Service in violation of 18 U.S.C. § 371).  In November 1984,

Defendant was sentenced to one year imprisonment on Counts V, VI, XI, and XII to run

concurrently; restitution; five years probation on Count VIII; and five years probation on Count IX,

to run concurrently to Count VIII.

Defendant filed a post-verdict motion for Judgment of Acquittal, arguing that the evidence

was insufficient.  The Court denied the motion and the Court of Appeals for the Sixth Circuit

affirmed.  Defendant next filed a Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255 and a

Motion to Disqualify the Trial Judge.  The Court denied these Motions and the Sixth Circuit

affirmed.

On February 16, 2001, Defendant filed a Petition to Grant a Writ of Error *Coram Nobis*.

Defendant raised several issues in his Petition, one of which claimed he did not receive the last six

pages (94–99) of the grand jury transcript of Guenther Kuehl ("six pages") before trial.[1]  On August

1, 2001, the Court denied Defendant's Petition to Grant a Writ of Error *Coram Nobis*.  On August

---

[1]Co-defendant Kerkman raised this same claim in his writ of error *coram nobis*.  It was
denied in *United States v. Kerkman*, No. 1:84-CR-17 (W.D. Mich. Aug. 8, 2005) (finding that even
if Kerkman could prove that the six pages were suppressed and favorable to his defense, he could
not prove prejudice to his defense resulting therefrom).

13, 2001, Defendant appealed the Court's denial to the Sixth Circuit, which was denied on December

13, 2002.

Defendant has filed the instant Petition again claiming that errors occurred when the

Government suppressed exculpatory evidence, specifically by failing to provide the six pages to him

before trial.  The Government still contends that the six pages were, in fact, provided to Defendant.

Neither Defendant or Defendant's trial counsel ever indicated that the six pages were missing during

trial; notably, it was not until 17 years later that Defendant raised this argument.

## II.  LEGAL STANDARDS

### A.  Writ of Error *Coram Nobis*

A writ of error *coram nobis* is available in federal courts even after the term of a sentence

has been served.  *See United States v. Morgan*, 346 U.S. 502, 506 (1954); *Flippins v. United States*,

747 F.2d 1089, 1091 (6th Cir. 1984).  "The writ of error *coram nobis* is used to vacate a federal

sentence or conviction when a § 2255 motion is unavailable—generally, when the  petitioner has

served his sentence completely and thus is no longer 'in custody' as required for § 2255 relief."

*Blanton v. United States*, 94 F.3d 227, 231 (6th Cir. 1996). Writs of error *coram nobis* are granted

to petitioners who suffer civil disabilities as a consequence of their criminal conviction and who seek

to vacate their conviction for errors "of the most fundamental character."  *See Morgan*, 346 U.S. at

512.

To succeed on a writ of error *coram nobis*, a defendant must demonstrate: (1) an error of fact,

(2) unknown at the time of trial, (3) of a fundamental unjust character that would likely alter the

outcome of the challenged proceeding had it been known.  *See Blanton*, 94 F.3d at 231; *Flippins*,

747 F.2d at 1091.  *Coram nobis* is virtually extinct today because "it is difficult to conceive of a

situation in a federal criminal case [] where [a writ of *coram nobis*] would be necessary or appropriate." *Carlisle v. United States*, 517 U.S. 416, 429 (1996) (quoting *United States v. Smith*, 331 U.S. 469, 475 n.1 (1947).  Only in the most compelling circumstances will the writ be granted; the defective proceeding must have caused a "complete miscarriage of justice." *See Davis v. United States*, 417 U.S. 333, 346 (1974).

## B. Suppression of *Brady* Materials

The Supreme Court, in the landmark decision of *Brady v. Maryland*, held that withholding exculpatory information that is unavailable to a defendant violates a defendant's trial rights.  373 U.S. 83 (1963).  The claimed exculpatory evidence, however, must be reasonably taken to put the whole case in a different light that undermines confidence in the verdict. *Kyles v. Whitley*, 514 U.S. 419, 435 (1995).  *Brady* only applies to information wholly in the government's control, the essentials of which are not available to the defense for exploration. *See Byrd v. Collins*, 209 F.3d 486, 516–17 (6th Cir. 2000).

To show withholding evidence constitutes a *Brady* violation, the defendant must establish that: "(1) the evidence at issue is favorable to him; (2) the [government], either willfully or inadvertently, suppressed that evidence; and (3) prejudice ensued." *Harbison v. Bell*, 408 F.3d 823, 830 (6th Cir. 2005) (citing *Strickler v. Greene*, 527 U.S. 263, 281–82 (1999)).  Prejudice is shown when the suppressed evidence is "material," *Strickler*, 527 U.S. at 282, which is when "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Kyles*, 514 U.S. at 433–34 (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985)).

## III. ANALYSIS

To succeed on his claim, Defendant must first show that the six pages constitute *Brady* materials.  Upon doing so, Defendant must then show that suppression of these materials was erroneous, he did not know the six pages were suppressed at the time of trial, and had it be known, the outcome of his trial would have been altered.  *See Blanton*, 94 F.3d at 231.

Even if Defendant could conclusively establish that the six pages are favorable to him and were suppressed by the Government, Defendant cannot meet his burden of proving that his lack of access to the six pages prejudiced his defense.  Defendant, in advance of trial, knew that Kuehl would testify at his trial and also had an opportunity to review Kuehl's grand jury transcript.  Thus, Defendant had an opportunity to prepare questions for Kuehl, formulate his trial strategy, and discover that the six pages were missing.  Further, Defendant's counsel thoroughly cross examined Kuehl at trial and the six pages are largely repetitive of this testimony.  Therefore, Defendant fails to show how he was prejudiced.

Further, contrary to Defendant's contention, the Sixth Circuit has found that the six pages at issue are not exculpatory.  *See Fischl v. United States*, 59 Fed. Appx. 618, 619 (6th Cir. 2003) ("As noted by the district judge in his opinion in this matter, not only were the challenged evidence and witnesses available to the petitioner at the time of the original trial, but the evidence of which Fischl complains was not truly exculpatory.").  Defendant's argument regarding the exculpatory nature of the six pages is difficult to understand and tenuous at best.

Even if the Court assumes that the six pages constitute *Brady* materials, nothing in the record indicates that a different result would have been produced had Defendant been provided with the six pages in advance of trial.  At best, pre-trial access would have provided marginal benefit to

Defendant's defense.  *See United States v. Brown*, 332 F.3d 363, 369–70 (6th Cir. 2003) (holding

that marginal benefit is not likely to produce a different outcome).  The same topics were covered

in Kuehl's direct and cross examination as are in the six pages at issue.  Keuhl's trial testimony is

also largely similar to that given by others at trial, such as Roger Derusha.  This undercuts

Defendant's argument that the six pages would have somehow helped his defense or changed the

outcome of his trial.  Defendant has not demonstrated a compelling circumstance, rising to the level

of a "complete miscarriage of justice," that warrants grating him *coram nobis*.  *See Davis*, 417 U.S.

at 346.

## IV.  CONCLUSION

Defendant has not demonstrated that he is entitled to the extraordinary writ of *coram nobis*.

Therefore, the Court denies his Petition.  An Order consistent with this Opinion shall issue.


                                              /s/ Richard Alan Enslen
DATED in Kalamazoo, MI:               RICHARD ALAN ENSLEN
       September 11, 2007              SENIOR UNITED STATES DISTRICT JUDGE